(18 Misc. Rep. 565.)

### McCLUSKEY v. MINCK.

(City Court of New York, General Term.  November 30, 1896.)

PRINCIPAL AND AGENT—EVIDENCE OF RELATION—DECLARATIONS.
   Where an order given by defendant to ship crates to third persons was refused by plaintiff, but afterwards filled by plaintiff's clerk, who was ignorant of the refusal, and the goods were received by the third persons, and partly used, the testimony of such persons that they "acted as his [defendant's] agents," and "had authority to receipt for the goods," is inadmissible to establish their agency.

Appeal from trial term.

Action by James J. McCluskey against Franklin J. Minck for goods sold and delivered.  From a judgment in favor of plaintiff, entered on a verdict, defendant appeals.  Reversed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

W. Tompkins, for appellant.
A. Wilson, for respondent.

SCHUCHMAN, J.    This is an appeal from a judgment entered on the verdict of a jury in favor of the plaintiff, and against the defendant, at trial term.   The action is brought to recover the sum of $165 for 500 fruit crates, alleged to have been sold to the defendant.   The answer denies the sale of the goods.   The evidence shows that the defendant, on May 3, 1893, gave an order to a Mr. Taylor, who was an employé of the plaintiff, to ship, among others, 500 crates to Lingo & Short, at Dagsboro, Del., which order the plaintiff returned to the defendant, writing on the back of it: "Mr. Minck—Dear Sir:   We will not be able to accept this order."    On May 4, 1893, said Taylor, not knowing that the plaintiff had refused the order, shipped the 500 crates to Messrs. Lingo & Short, and the latter accepted and receipted for the same; they having been told by the defendant that he would ship them 500 crates.    The defendant, after the plaintiff's refusal to accept said order, ordered 500 crates to be shipped by a New York firm to said Lingo & Short, so that Lingo & Short received twice 500 crates.    Lingo & Short testified that they used 700 of these crates, to wit, 500 and 200 of the ones shipped by said Taylor, and that 300 were still on their hands.    The defendant testifies that he never knew that any of the crates of 500 shipped by Taylor came into his hands or possession.

The case, as prepared on appeal, does not show that the defendant is liable on a direct purchase of the crates.   He had given no

order for the same, and the only one that he had given was refused by the plaintiff. He can therefore be only held liable on a ratification and acceptance of the delivery of the crates. He personally never ratified or accepted any delivery of the goods, but it is plain that his agents, Lingo & Short, did for him. Of course, the defendant would be liable for the acts of his agents within the scope of their authority or agency. Thus, it throws the burden of proof upon the plaintiff to satisfy the court that Lingo & Short were authorized by the defendant, as his agents, to ratify and accept the delivery of the crates.

The plaintiff attempted to prove that agency by the testimony of said Lingo and Short, taken on commission. The interrogatories submitted to these two witnesses, and their answers thereto are as follows: To the sixth interrogatory the witnesses answered: "We acted as his agents." To the eighth interrogatory they answered: "These goods were shipped to us, and received on Franklin J. Minck's account, we being his agents at that time at Dagsboro." To the ninth interrogatory they answered: "We had authority from Franklin J. Minck to receive and receipt for the goods, wares, and merchandise above mentioned." To the twelfth interrogatory they answered: "That Lingo & Short, being partners, had full authority to sign for the firm, and receive the goods." All these interrogatories were objected to, and exception taken by the defendant's counsel. These two witnesses, Lingo and Short, have been asked for and testified to their conclusions merely. Nowhere did they testify to any fact or circumstance emanating from the defendant regarding their agency, and from which the jury could have concluded whether the defendant had authorized them, as their agents, to ratify and accept a delivery of the 500 crates. These two witnesses were allowed, by their testimony, to discharge the functions of the jury. This was improper. There is no doubt in the mind of the court that these interrogatories to those two witnesses, and their answers thereto, in regard to their agency, had a controlling influence with the jury in rendering their verdict. The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event of the action.

Judgment reversed, with costs, and a new trial granted. All concur.